IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

**DUANE J. RUGGIER, II**
4072 Farmington Drive
Hurricane, WV 25526

      **Plaintiff,**

v.                                 **CIVIL ACTION NO. 3:13-cv-26640**
                                             **JUDGE: CHAMBERS**

**WAL-MART STORES EAST, LP, a limited partnership,**
702 SW 8th Street
MS 30555
Bentonville, AR 72716

      **Defendant.**

## AMENDED COMPLAINT

      Now comes the Plaintiff, Duane J. Ruggier, II, by counsel, Thomas H. Peyton, and for cause of action against the Defendant hereby alleges as follows:

      1.       The Plaintiff, Duane J. Ruggier, II, is an individual who resides in the city of Hurricane, Putnam County, West Virginia.

      2.       The Defendant, Wal-Mart Stores East, LP, is a limited partnership, (hereinafter referred to as "Wal-Mart") authorized to and conducting business in the state of West Virginia. The Defendant's principal office is located in Bentonville, Arkansas.

      3.       This is a civil rights action filed by the Plaintiff for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Wal-Mart located in the city of Hurricane, Putnam County, West Virginia, and being owned and/or operated by the Defendant.

4.  The Plaintiff seeks damages, injunctive and declaratory relief, and costs pursuant to the American With Disabilities Act of 1991 (42 U.S.C. §§ 12101 *et seq.*) and related West Virginia statutes.

5.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for American With Disabilities Act claims.

6.  Supplemental jurisdiction for claims brought under parallel West Virginia law arising from the same nucleus of operative facts is predicated on 28 U.S.C. § 1367.

7.  Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

8.  All actions complained of herein take place within the jurisdiction of the United States Court, Southern District of West Virginia, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

9.  The Plaintiff is diagnosed with multiple sclerosis which substantially limits his ability to walk and/or stand, requiring him to use a power wheelchair when traveling about in public.  Consequently, the Plaintiff is physically disabled, as defined by all applicable West Virginia and United States laws, and a member of the public whose rights are protected by these laws.

10. The Wal-Mart retail establishment located in the city of Hurricane, Putnam County, West Virginia, is open to the public, is intended for nonresidential use and its operations affect commerce.

11. In September 2013, the Plaintiff visited the Wal-Mart establishment in Hurricane, West Virginia, and encountered barriers (both physical and intangible) that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  Specifically, the Plaintiff has significant difficulty using a full-size shopping cart because of his physical disability.  The only manner in which the Plaintiff is able to enjoy the

goods, services, privileges, and accommodations offered at the Wal-Mart facility when shopping is by using a shopping basket which may be placed upon the Plaintiff's lap during his operation of the power wheelchair. The Defendant, despite repeated requests from the Plaintiff, has enacted a policy of refusing to provide or make shopping baskets available at its location in the city of Hurricane, West Virginia.

12. Prior to September 2013, the Defendant provided shopping baskets to its customers which served to reasonably accommodate the Plaintiff's disability by allowing him to fully and equally enjoy the goods, services, privileges, and accommodations offered at the Wal-Mart facility in Hurricane, West Virginia.

13. Other similarly situated retailers in the local geographic area of Hurricane, West Virginia, including Kroger Company located in Teays Valley, Putnam County, West Virginia, provide customers with shopping baskets or half-carts which serve to reasonably accommodate the Plaintiff's disability.

14. The Plaintiff was deterred from visiting the Wal-Mart establishment because he knew that the establishment's goods, services, facilities, privileges, advantages and accommodations were unavailable to physically disabled patrons such as himself. The Plaintiff continues to be deterred from visiting the establishment.

15. The Defendant knows that its policy of not re-supplying its Hurricane, West Virginia, facility with shopping baskets significantly interferes with the ability of the physically disabled to access its facility in violation of state and federal law. The Defendant has the financial resources to modify its policy and make the establishment fully accessible to the physically disabled such as the Plaintiff. To date, the Defendant refuses to reasonably modify its policy to afford the Plaintiff a reasonable accommodation when making such modification will not fundamentally alter the nature of the Defendant's business.

16. Title III of the Americans With Disabilities Act holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full an equal enjoyment

(or use) of goods, services, facilities, privileges, and accommodations offered by any person who assigned, operate, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

17. Wal-Mart discriminated against Mr. Ruggier by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Hurricane retail establishment during each visit and each incident of deterrence.

18. Wal-Mart maintains policies, practices and procedures which entail the refusal to re-supply the Hurricane, West Virginia facility with shopping baskets or otherwise make said baskets available to the Plaintiff.

19. The American With Disabilities Act requires reasonable modifications in policies, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

20. Wal-Mart violated the American With Disabilities Act by failing to make a reasonable modification in policies, practices, or procedures at the Hurricane establishment, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, service, facilities, or accommodations.

21. The Plaintiff seeks all relief available under the American With Disabilities Act (i.e., injunctive relief, attorney fees, costs, and legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

22. Pursuant to West Virginia Code § 5-11-2, it is the public policy of the state of West Virginia to provide all of its citizens equal access to places of public accommodations. Further, equal opportunity in the areas of public accommodations is a human right or civil right of all persons without regard to disability.  The denial of these rights to properly qualified persons by reason of disability is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

23. The Plaintiff has a physical impairment which substantially limits one or more of his major life activities, to wit: walking. Therefore, the Plaintiff has a disability as defined by West Virginia Code § 5-11-3(m).

24. The Wal-Mart establishment located in Hurricane, West Virginia, is a place of public accommodations as defined by West Virginia Code § 5-11-3(j).

25. The Defendant committed unlawful discriminatory practices as defined by West Virginia Code § 5-11-9(6)(a) by refusing, withholding from or denying to the Plaintiff because of his disability, either directly or indirectly, the accommodations, advantages, facilities, privileges or services of the Wal-Mart establishment located in Hurricane, West Virginia.

26. As a direct and proximate result of the unlawful discriminatory practice of the Defendant, the Plaintiff has suffered damages including humiliation, embarrassment, emotional and metal distress, and loss of person dignity.

27. The actions of the Defendant in refusing to provide shopping baskets or otherwise make them available to the Plaintiff, and other similarly situated individuals, were in furtherance of a willful marketing plan or scheme, the purpose of which is to increase profits at the expense of those disabled individuals such as the Plaintiff. The Defendant's actions are willful, wanton and in total disregard for the civil rights of the Plaintiff. Therefore, the Plaintiff is entitled to an award of punitive damages sufficient to deter such unlawful conduct.

28. The Plaintiff seeks all relief available under the West Virginia Human Rights Act including a finding that the Defendant has engaged in or is engaging in an unlawful discriminatory practice, injunctive relief enjoining the Defendant from engaging in such unlawful discriminatory practice and an order requiring the Defendant to re-supply its Hurricane facility with shopping baskets so that the Plaintiff will have an opportunity to access the public accommodations at the Wal-Mart establishment in Hurricane, West Virginia.

WHEREFORE, the Plaintiff respectfully requests the following relief:

     1.     Injunctive relief and affirmative action sufficient to remedy the discriminatory conduct as charged herein;

     2.     Declaratory relief finding that the Defendant violated the American With Disabilities Act and the West Virginia Human Rights Act;

     3.     Judgment for incidental damages pursuant to the West Virginia Human Rights Act;

     4.     Attorney's fees, litigation expenses, and costs of this action;

     5.     Judgment for punitive damages; and

     6.     Both pre-judgment and post-judgment interest for any award made herein.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

DUANE J. RUGGIER, II
BY COUNSEL

/s/    Thomas H. Peyton
THOMAS H. PEYTON, ESQUIRE
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue, P.O. Box 216
Nitro, WV 25143
Telephone:   (304) 755-5556
Telefax:   (304) 755-1255
*Counsel for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

**DUANE J. RUGGIER, II**
4072 Farmington Drive
Hurricane, WV 25526

       **Plaintiff,**

v.                        **CIVIL ACTION NO. 3:13-cv-26640**
                              **JUDGE:  CHAMBERS**

**WAL-MART STORES EAST, LP, a limited partnership,**
702 SW 8th Street
MS 30555
Bentonville, AR 72716

       **Defendant.**

**CERTIFICATE OF SERVICE**

     I, Thomas H. Peyton, counsel for the Plaintiff, hereby certify that on the 3rd day of December, 2013, I filed the foregoing Amended Complaint via ECF and that Heather M. Noel and Tanya Hunt Handley are filing users under the ECF system. Upon the electronic filing of a leading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case.  Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

                                                           /s/ Thomas H. Peyton
                                                             Thomas H. Peyton